IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BENJAMIN GARRISON, as the personal
representative of the ESTATES OF RALPH
GARRISON AND MOLLY GARRISON, deceased,

     Plaintiff,

  -vs-                                                                  No. CIV 96-1801 LH/DJS

CHIEF JOSEPH POLISAR, LIEUTENANT
RUBEN DAVALOS, LIEUTENANT J.R.
DEBUCK, LIEUTENANT JUDD SCHAFFER,
SERGEANT KEVIN MCCABE, ACTING
SERGEANT STEVE RODRIGUEZ, OFFICER
HOWARD NEAL TERRY, OFFICER CHARLES
LOPEZ, CHRISTINA BACA, MARY PATRICK,
MARY MARQUEZ, GILBERT DURAN,
SHERIFF JOSEPH BOWDICH, SERGEANT
KENNETH BOZELL, CAPTAIN DAVID
LINTHICUM, CAPTAIN LARRY STEBLETON,
DEPUTY ERIK LITTLE, DEPUTY JAMES
MONTEITH, DEPUTY JAMES GONZALES,
DEPUTY PATRICK LUCERO, DEPUTY
FERMIN ORTEGA, DEPUTY GREG REESE,
DEPUTY DAVID ARCHIBEQUE, and DEPUTY
VAN ELDREDGE in their individual and official
capacities,

     Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Objections to Clerk's Order Taxing Costs (Docket No. 166), filed November 24, 1999, and City Defendants' Cross Objections to Certain Portions of Clerk's Order Taxing Costs (Docket No. 167), filed December 1, 1999. Plaintiff did not file a reply brief in support of his objections or a response to City Defendants' Cross Objections. The

Court, having considered Plaintiff's Objections and City Defendants' Cross Objections, City Defendants' Response to Plaintiff's Objections, and the applicable law, and otherwise being fully advised, finds that Plaintiff's Objections are well taken in part and will be **granted in part** and City Defendants' Cross Objections are well taken in part and will be **granted in part**.

The Court reviews the Clerk's assessment of costs *de novo*. *Furr v. AT & T Techs, Inc.*, 824 F.2d 1537, 1550 n.11 (1987). Pursuant to the Federal Rule of Civil Procedure, "costs other than attorneys' fees *shall* be allowed as of course to the prevailing party unless the court otherwise directs," FED. R. CIV. P. 54(d)(1) (emphasis added), creating a presumption in favor of awarding costs when they are statutorily authorized pursuant to 28 U.S.C. § 1920. *See Furr*, 824 F.2d at 1550; *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988). The non-prevailing party bears the burden in overcoming this presumption. *Serna v. Manzano*, 616 F.2d 1165, 1167 (10th Cir. 1980).

Plaintiff initially asks the Court to exercise its discretion and deny all costs against Plaintiff on three grounds: 1) that City Defendants in this matter were only partially successful; 2) that there is great economic disparity between Plaintiff and the City Defendants; and 3) that the issues presented were close and difficult. *See Cantrell v. International Bhd. of Elec. Workers*, 69 F.3d 456, 459 (10th Cir. 1995). While the *Cantrell* court "discussed some of the circumstances in which a district court may properly deny costs to a prevailing party[, b]ecause a denial of costs is a 'severe penalty,' there must be 'some apparent reason to penalize the party if costs are to be denied.'" *Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1526-27 (10th Cir. 1997)(quoting *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995)). The Court does not find Plaintiff's arguments well taken.

2

Plaintiff first contends that because City Defendants changed certain policies and procedures regarding execution of search warrants subsequent to the filing of this suit, they were only partially successful and costs, therefore, should be denied. Molly Garrison filed this suit on December 23, 1996, one week after law enforcement officers fatally shot her husband, Ralph Garrison, when he pointed a gun at them while they were executing a search warrant at the Garrison's rental property, adjacent to the Garrison home. Representatives of the Albuquerque Police Department, City Attorney's Office, and District Attorney's Office met shortly after the shooting to review existing search warrant policy and certain suggested modifications became effective on March 11, 1997. (Reply Memo. City Defs. Supp. Mot. Tax Costs Ex. 3, Walton Aff., at ¶¶ 3, 4.)

The Court rejects Plaintiff's argument that City Defendants were only partially successful in this matter. The Court has ruled in favor of all Defendants on every claim brought by Plaintiff, whether based on federal constitutional or state law, specifically finding that Defendants did not violate Ralph or Molly Garrison's constitutional rights. Additionally, in her initial Complaint, which was operative at the time of the change in search warrant execution procedures, Plaintiff Molly Garrison sought only compensatory and punitive damages, not injunctive or other equitable relief, from Defendants. (*See* Compl. Civil Rights Violations and State Tort Claims (Docket No. 1).) Furthermore, even if the Court were to agree that Plaintiff was to some extent successful in this case, it still would award full costs to City Defendants as "the party prevailing on the majority of claims and the central claims at issue." *Roberts v. Madigan*, 921 F.2d 1047, 1058 (10th Cir. 1990); *see also Klein*, 44 F.3d at 1506 (plaintiff prevailed on major issues; to deny costs would be in nature of severe penalty; must be some apparent reason to penalize prevailing party if costs denied).

Plaintiff next asks that costs be denied because of the great economic disparity between Plaintiff and City Defendants and the present indigence of the Estates. The Third Circuit has rejected "the general proposition that it is 'inequitable' to tax costs in favor of a prevailing party with substantially greater wealth than the losing party," explaining that acceptance of this argument "would mean that large institutions . . . could be denied costs in most cases even when their unsuccessful adversaries could well afford to pay for them," unfairly casting the burden, for example, on the institutions' customers and the taxpayers. *Smith v. Southeastern Pa. Transp. Auth.*, 47 F.3d 97, 99 (1995); *see also Burroughs v. Hills*, 741 F.2d 1525, 1538 (7th Cir. 1984)(Posner, J., concurring in *per curiam* opinion)(that plaintiffs are of limited monetary means entitled to little weight where defendants' expenses borne by United States, "which is to say by the federal taxpayer"). Thus, "[i]f the losing party can afford to pay, the disparity in the parties' financial resources [is] irrelevant for purposes of Rule 54(d)." *Smith*, 47 F.3d at 100. Furthermore, even "[i]f the losing party cannot afford to pay, that party is not automatically exempted from the taxation of costs[;] costs may be taxed against a party who is permitted to proceed *in forma pauperis*." *Id.* (citing 28 U.S.C. § 1915(e); *Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir. 1990); *Harris v. Forsyth*, 742 F.2d 1277, 1278 (11th Cir. 1984); *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir. 1981)); *see also Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160 (7th Cir. 1983)(inability to pay factor to be considered in granting or denying taxable costs; presumptions that costs be awarded may be overcome by showing of indigency); *Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 491 (7th Cir. 1982)("court may . . . wish to consider whether [plaintiff-]appellee is now an indigent and if so whether she may be excused from paying Delta's costs in whole or in part (or may be given an extended time in which to pay)").

Whatever Plaintiff's resources presently may be, the Court deems it appropriate in this case to award costs to the City Defendants, notwithstanding that the issues in this matter, as described by Plaintiff, may have been "close and difficult," which characterization the Court, in any event, rejects. *See Klein*, 44. F.3d at 1506-07 (reversing district court's denial of costs on finding that litigation was complex, close, protracted). Thus, the Court finds none of Plaintiff' contentions, whether considered separately or together, sufficient to penalize City Defendants by denying them their necessary and reasonable costs.

Plaintiff also objects to certain specific costs allowed by the Clerk: $80.00 in witness fees for Sam Garrison and Michael Galindo, photocopy costs totaling $5261.49, and deposition stenographic and transcript costs for Molly Garrison, Michael Galindo, Sam Garrison, and Benjamin Garrison totaling $1739.14. Additionally, City Defendants cross object to the Clerk's disallowance of certain costs: $7,511.77 for exhibits attached to summary judgment motions, $2,320.41 for copies of twenty-five deposition transcripts, $45.00 for a subpoena fee for records from U.S. West Communications, and $726.13 for deposing Michael Cosgrove, Plaintiff's expert.

Section 1920 provides in part:

> A judge or clerk of any court of the United States may tax as costs the following:
> . . . .
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for . . . copies of papers necessarily obtained for use in the case . . . . .

28 U.S.C. § 1920. In conjunction with these statutory provisions, the Local Rules for the District of New Mexico provide in part:

5

> **(b) Deposition Costs.**
>   **(1) Reporter's Transcript Fees.** The reporter's charge for the original or a copy of a deposition transcript is taxable when the deposition is reasonably necessary to the litigation.
>   **(2) Reasonably Necessary to the Litigation.** A deposition is reasonably necessary to the litigation when:
>     **(A)** a substantial portion of the deposition is admitted into evidence or used at trial for impeachment purposes;
>     **(B)** the deposition is used by the court in ruling on a motion for summary judgment; or
>     **(C)** the Court so determines.
> **(c) Witness Costs.**
>   **(1) Lay Witness.**
>     **(A)** The rates for witness fees, mileage and subsistence are set by statute and are taxable if the witness testifies . . . at a deposition found reasonably necessary to the litigation. . . .
>   . . . .
> **(e) Copies of Papers.** The cost for copying an exhibit is taxable when the exhibit is requested by the Court or when the copy is admitted into evidence in place of an original.
> **(f) . . . Charts, . . . Photographs, . . . .** The cost of a photograph, 8" x 10" in size or less, is taxable if the photograph is admitted into evidence.
>   . . . .

D.N.M.LR-Civ. 54.2.

"Section 1920 permits recovery for the costs of taking, transcribing, and copying depositions 'necessarily obtained for use in the case.'" *Furr*, 824 F.2d at 1550 (citing 28 U.S.C. § 1920(2), (4)). Whether a deposition has been necessarily obtained is a question of fact to be determined by the Court. *See Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998)(citing *U.S. Indus.*, 854 F.2d at 1245). "Depositions taken solely for discovery are not taxable as costs," *Furr*, 824 F.2d at 1550 (internal quotations omitted)(quoting Bartell, *Taxation of Costs and Awards of Expenses in Federal Court*, 101 F.R.D. 553, 569 (1984)), and the "most direct evidence of 'necessity' is the actual use of the materials obtained by counsel or by the court," *Callicrate*, 139 F.3d at 1340 (internal quotations omitted)(quoting *U.S. Indus.*, 854 F.2d at 1245-46). The Court,

however, may find necessity and award costs for materials "reasonably necessary for use in the case," even if they are not used at trial. *See id.* (quoting *U.S. Indus.*, 824 F.2d at 1245-46). The Court is to "judge reasonable necessity under § 1920 . . . in light of the facts known to the parties at the time the expenses were incurred[, recognizing that] caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation." *Id.*

Plaintiff objects to the witness fees and deposition costs for Sam Garrison and Michael Galindo. City Defendants maintain that these costs necessarily were incurred to address the issue of potential damages, specifically, Ralph Garrison's life expectancy. The Court agrees, finds the costs reasonable, and will allow $40.00 each in witness fees and $117.19 and $210.30 in deposition costs for Michael Galindo and Sam Garrison, respectively.

Plaintiff also challenges the Clerk's allowance of certain photocopy fees totaling $5,261.49, including $1,190.48 for "[t]ranscription of police reports interviews [sic], officer belt tapes, 911 dispatch tapes of shooting incident," $964.31 for "transcript of radio transmissions," $1,163.03 for "transcript of taped interviews," $123.50 for "transcript of interview tape," $942.26 for "transcript of grand jury tapes," $257.91 for "transcript of interviews of Mary Patrick, Christie Baca, and Gilbert Duran," and $620.00 for "depositions of Mark Mitchell, David Archibeque, Fermin Ortega, Greg Reese, Kenneth Bozell, Terry Matthews and James Gonzales." (City Defs.' Itemized Bill of Costs at 2-3.) Plaintiff maintains that City Defendants have not shown that these costs were reasonably necessary for use in the litigation and not merely for counsel's convenience.

The Court concurs with Plaintiff regarding the copy costs of $1,163.03 for "transcript of taped interviews" and $123.50 for "transcript of interview tape." These general descriptions do not identify the interviewees, thus making it impossible for the Court to determine that they were

7

necessary for use in this case. Indeed, the Clerk disallowed $3,527.90 in requested photocopy fees because of City Defendants' failure to provide a description of the copied documents, making it impossible to determine whether they were relevant to the issues in the case and necessarily obtained for use in the case. (*See* Clerk's Order Settling Costs at 3-4.) City Defendants did not object to that ruling. Furthermore, their assertion that they had to photocopy seven linear feet of training records and personnel files in light of Plaintiff's failure to train and supervise claims, adds nothing persuasive to the argument. (*See* City Defs.' Resp. Pl.'s Objections Clerk's Order Taxing Cost and Cross Objections at 10-11.) The other disputed items, although only marginally sufficient in identification, will be allowed.

Plaintiff's final objection is to the award of costs of $338.72 and $1,072.93 for the depositions of Molly Garrison and Benjamin Garrison, which were taken by Defendants. The Court finds that City Defendants necessarily incurred these costs in preparation of their case. Molly Garrison originally brought this suit to pursue her claims and those of her husband's estate against Defendants. Benjamin Garrison, personal representative of the estates of Ralph and Molly Garrison, succeeded her as named Plaintiff. His testimony also was relevant to the issue of damages.

City Defendants cross object to the Clerk's Order on the disallowance of trial exhibit fees, claiming that $7,511.77 of $17,052.35 originally requested should be allowed for exhibits attached to City Defendants' motions for partial summary judgment. These items include a series of commercially prepared photographs made from video taken by the United States Customs Service helicopter during execution of the search warrant, photographs of various officers' uniforms and badges, and two diagrams of the site, thirty-one individual exhibits in all. (*See* Reply Memo. City Defs. Supp. Mot. Tax Cost Ex. 9, Robles Aff., at ¶¶ 15-18.) Regardless of whether these materials

8

were necessarily obtained, the Court cannot find the amount incurred, $242.32 per item, reasonable. *See Callicrate*, 139 F.3d at 1339 (citing *U.S. Indus.*, 824 F.2d at 1245)("even if the court finds the costs sought were for materials or services necessarily obtained, the amount of the award requested must be reasonable"). Therefore, the Clerk's Order regarding these exhibits will be affirmed.

City Defendants next cross object to the Clerk's disallowance of $2,320.41 in costs to secure copies of the deposition transcripts of M. Patrick, S. Wiebe, M. Marquez, J.C. Baca, G. Duran, E. Little, J. Monteith, H.N. Terry, S. Rodriguez, R. Davalos, K. McCabe, T. Byrne, J. Bledsoe, W. Kurth (although City Defendants give this name as W. Keith, the Court assumes that they mean W. Kurth, as he is listed in the relevant portion of the Clerk's Order, while W. Keith is not), B. Carr, J. Wood, D. Lucero, S. White, D. Hammonds, R. Smith, J. Shaffer, R. DeFrates, C. Lopez, J.R. DeBuck, and J. Kean. City Defendants argue that "[e]xcept for Mr. Kean, *almost all* of the above depositions were of named Defendants or of officers on the scene at the time of the incident that caused this lawsuit." (City Defs.' Resp. Pl.'s Objections Clerk's Order Taxing Costs and Cross Objections at 13 (emphasis added).) City Defendants do not, however, inform the Court which of these individuals are parties, which were other officers at the scene, and the capacities of any other named individuals.

The Court takes judicial notice that M. (Mary) Patrick, M. (Mary) Marquez, J.C. (June Christie) Baca, G. (Gilbert) Duran, E. (Erik) Little, J. (James) Monteith, H.N. (Howard Neal) Terry, S. (Steve) Rodriguez, R. (Ruben) Davalos, K. (Kevin) McCabe, J. (Judd) Shaffer, C. (Charles) Lopez, and J.R. DeBuck are named defendants in this action. As such, the Court finds that copies of these depositions taken by the Plaintiff were reasonably necessary for City Defendants' use in the case. *See Callicrate*, 139 F.3d at 1340. City Defendants, however, have consolidated deposition

9

costs for some of these Defendants with those of other individuals who are insufficiently identified and whose relationship to this matter is left to conjecture. Therefore, the Court will allow deposition copy costs of $103.22 for M. Patrick, $98.56 for M. Marquez, $307.33 for J.C. Baca and G. Duran, $260.66 for E. Little, $223.88 for J. Monteith, and $139.46 for H.N. Terry. The Court will deny recovery of deposition copy costs of $140.99 for S. Wiebe; $289.50 for S. Rodriguez, R. Davalos, K. McCabe, and T. Byrne; $231.30 for J. Bledsoe, W. Kurth, B. Carr, J. Wood, and D. Lucero; $167.66 for S. White, D. Hammonds, and R. Smith; $240.67 for J. Shaffer, R. DeFrates, C. Lopez, and J.R. DeBuck; and $117.18 for J. Kean.

City Defendants also challenge the Clerk's denial of $45.00 for a subpoena fee for records from U.S. West Communications. City Defendants contend that this charge "was a witness fee for the records custodian of U.S. West Communications to appear and produce certain requested records," or, alternatively, if considered a process serving fee," as it was described by the Clerk, "such fees would be permitted if the U.S. Marshall [sic] served the subpoena." (City Defs.' Resp. Pl.'s Objections Clerk's Order Taxing Costs and Cross Objections at 14.) While 28 U.S.C. § 1920(1) specifically allows taxation of "[f]ees of the . . . marshal" and subsection (3) allows for witnesses fees, the Court, as did the Clerk, declines to accept either of City Defendants' alternative definitions for the subpoena fee here incurred. Subpoena fees are not taxable under 28 U.S.C. § 1920 and City Defendants cite no authority allowing costs for such a fee. Therefore, the Court will affirm the Clerk on this issue.

City Defendants lastly ask for costs associated with their taking of the deposition of Plaintiff's expert, Michael Cosgrove. The Clerk disallowed these fees because "there was no dollar amount given for Michael Cosgrove's deposition." (Clerk's Order Settling Costs at 4.) City Defendants

10

maintain that their failure to include this amount was a word processing error and have attached an invoice for $726.13 for Mr. Cosgrove's deposition to their Response and Cross Objections memorandum. While an invoice for Mr. Cosgrove's deposition is attached, it is for his deposition in another matter, *Phillips v. City of Albuquerque*, Civ. 97-1324 JP/LFG. (*See* City Defs.' Resp. Pl.'s Objections Clerk's Order Taxing Costs and Cross Objections Ex. A.) The Court therefore will affirm the Clerk's Order denying City Defendants costs for the deposition of Michael Cosgrove.

**IT IS HEREBY ORDERED** that Plaintiff's Objections to Clerk's Order Taxing Costs (Docket No. 166), filed November 24, 1999, is **GRANTED IN PART** and **DENIED IN PART**:

1) The photocopy fees of $1,163.03 for "transcript of taped interviews" and $123.50 for "transcript of interview tape" are not taxed against Plaintiff and

2) Plaintiff's Objections to Clerk's Order Taxing Costs is denied in all other respects.

**IT IS FURTHER ORDERED** that City Defendants' Cross Objections to Certain Portions of Clerk's Order Taxing Costs (Docket No. 167), filed December 1, 1999, is **GRANTED IN PART** and **DENIED IN PART**:

1) The deposition copy costs of $103.22 for M. Patrick, $98.56 for M. Marquez, $307.33 for J.C. Baca and G. Duran, $260.66 for E. Little, $223.88 for J. Monteith, and $139.46 for H.N. Terry are taxed against Plaintiff and

2) City Defendants' Cross Objections to Certain Portions of Clerk's Order Taxing Costs is denied in all other respects.

**IT IS FURTHER ORDERED** that costs are taxed against the Plaintiff and in favor of the City Defendants in the amount of $6,927.21.

_____
**UNITED STATES DISTRICT JUDGE**